### THOMAS LAWSON v. D. P. WRIGHT.

**Attorney and Client—Consent Judgment—Power to Change.**
> After a consent judgment has been agreed on by litigants, their attorneys cannot change or annul same.

**Same.**
> An attorney has no power to compromise his clients suits, nor to set aside a judgment in his favor.

APPEAL FROM CLINTON CIRCUIT COURT.

November 24, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

At the February term, 1866 of the court below, a judgment was rendered reciting that the parties were present in person, and their attorneys were also present, and by their agreement the con-

tract in relation to the land was rescinded, and the judgment entered in conformity to the said agreement.

Subsequently appellee filed an amended petition, setting forth the agreement of the parties, but alleges that before the judgment was rendered by the court, their attorneys ascertained that the parties could not be placed in *statu quo* and that they would not have said judgment entered, and that it was afterwards entered by mistake.

If it be true, as alleged, that appellee's attorney after the terms of settlement, and the character of the judgment to be entered were agreed upon by the parties, their attorneys, and the attorney of neither of them had any power to consent to a change of the terms of the settlement, much less to set aside the agreement. Such is not the nature of the employment of an attorney at law, he has no power to compromise his client's suits, nor to set aside a judgment in his client's favor, the allegations of the amended petition were therefore insufficient to authorize the relief sought.

But even if the agreement should have been set aside, before appellee could have enforced a specific execution of the contract, he should have manifested the ability of his assignor to make to appellant a good title to the land, a tender of the relinquishment of his widow's right of dower was not sufficient.

Wherefore the judgment is reversed and the cause is remanded with directions for such proceedings to be had as may be necessary to carry out the consent judgment entered at February term, 1866.

*VanWinkle, for appellant.*

*Winfrey, for appellee.*